1   GREGORY S. GLAZER (SBN 172197)
      gglazer@hkemploymentlaw.com
2   MONTE GRIX (SBN 241050)
      mgrix@hkemploymentlaw.com
3   HIRSCHFELD KRAEMER LLP
    233 Wilshire Boulevard, Suite 600
4   Santa Monica, CA  90401
    Telephone:  (310) 255-0705
5   Facsimile:   (310) 255-0986

6   Attorneys for Defendants
    SAN JOAQUIN VALLEY COLLEGE,
7   INC., a California Corporation, MELISSA
    GRIMSLEY, an individual, and KERRIE
8   LILES, an individual

9

10

11                   **UNITED STATES DISTRICT COURT**
12                   **EASTERN DISTRICT OF CALIFORNIA**

13

14  DANIEL SWAN,                          Case No.  13-cv-01073 LJO (GSAx)

15                 Plaintiff,             **STIPULATION FOR NON-TRIAL
                                          PROTECTIVE ORDER AND
16  vs.                                   ORDER THEREON**

17  SAN JOAQUIN VALLEY
    COLLEGE, INC., a California           Complaint Filed:      June 3, 2013
18  corporation, MELISSA GRIMSLEY,
    an individual, KERRIE LILES, an       Trial Date:           January 13, 2015
19  individual, and DOES 1 through 20,
    inclusive,
20
                   Defendants.
21

22

23         Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Rule

24  141.1, the parties to this action (Plaintiff, Daniel Swan; Defendant, San Joaquin

25  Valley College, Inc.; Defendant, Melissa Grimsley; and Defendant, Kerrie Liles,

26  together the "Parties" and individually the "Party) stipulate as follows:

27  ///

28  ///

STIPULATION AND PROPOSED PROTECTIVE ORDER

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

## STIPULATION

1.      This protective order ("Order") shall be applicable throughout the pendency of this action and after final resolution of this litigation.  Certain of the Parties may claim that certain documents and/or other information or testimony constitute or contain confidential, proprietary or trade secret information, private third-Party/non-Party information, and/or private records or information relating to San Joaquin Valley College, Inc.'s ("SJVC") current and/or former employees, and records relating to students or former students of Defendant, San Joaquin Valley College that may fall within the protections of the federal Family Education Rights and Privacy Act ("FERPA").  Such records are referred to herein collectively as "Confidential Information."  Documents containing or constituting such Confidential Information may be produced, disclosed, demanded, or otherwise provided, through discovery in this action.  Pursuant to the terms of this Order, such documents may be designated "Confidential" or "Confidential – Attorneys' Eyes Only" subject to the provisions set forth herein.

2.      No documents, discovery, or deposition testimony specifically designated as "Confidential – Attorneys' Eyes Only" shall be disclosed to or discussed with any person except: (a) counsel for each Party; (b) experts, agents or consultants of such Party who are not otherwise employees of the Party, but only to the extent disclosure is deemed reasonably necessary for the consultant's, expert's or agent's work, and only for as long as is necessary for the performance of his/her expert or consulting services, and such expert or consultant may use such information only for the purpose of providing assistance to counsel on this litigation; (c) pursuant to legal process; (d) the Court, subject to the terms and provisions of this Agreement; (e) employees and former employees of the designating Party, if reasonably necessary for the purposes of the litigation, persons who have prepared or assisted in the preparation of such documents, or to whom the documents or copies thereof were addressed or delivered, but only to the extent

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

2

that such disclosure is reasonably necessary for the conduct of this litigation, and provided that such persons may not retain any "Confidential – Attorneys' Eyes Only" documents and/or information obtained as a result of this litigation; (f) court reporters or other personnel employed to record deposition testimony; and (g) any witness testifying at a hearing or deposition in connection with this litigation.  All persons, experts, consultants and any other person to whom such confidential information will be disclosed pursuant to this provision, shall agree to be bound by the terms of this Order, and shall execute the Acknowledgment and Agreement attached as Exhibit A, or, alternatively, shall state his or her agreement to the be bound by the terms of the Acknowledgement and Agreement under oath, and such oath shall be transcribed by a certified court reporter.

3. When used in this Order, the word "document(s)" means all written, recorded, electronic or graphic matters created and whatever the medium on which it was produced or reproduced, including but not limited to, documents produced by agreement, and may also include deposition transcripts and exhibits and electronic data, files and records.

4. "Confidential" or "Confidential – Attorneys' Eyes Only" documents shall be designated by marking each page of the document with the legend "Confidential" or "Confidential – Attorneys' Eyes Only."  Documents produced by a non-designating Party, may be marked by another Party as "Confidential" or "Confidential-Attorneys' Eyes Only" by providing written notice to all other counsel of record in this action specifically identifying by Bates Number, Bates Number ranges, or other similarly specific description of the documents being designated.  Such designation shall be made within 30 days of receipt of the document(s).

5. It shall be the duty of the designating Party to inform all other Parties as to which materials that are not in documentary form are to be treated as

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

1  "Confidential" or as "Confidential – Attorneys' Eyes Only" by designating the

2  information with reasonable particularity.

3      6.      Items or information produced or generated by a non-Party shall be

4  treated as "Confidential" for a period of fifteen (15) days after their production or

5  disclosure.  If, at the conclusion of fifteen (15) days, no Party has designated the

6  items or information as "Confidential" or "Confidential – Attorneys' Eyes Only"

7  the documents or information shall not be protected.  Nothing in this provision shall

8  waive the right to re-designate pursuant to Paragraph 13 below.

9      7.      The Parties agree that no documents produced by a Party during the

10  course of these proceedings designated as "Confidential" or "Confidential –

11  Attorneys' Eyes Only" shall be used by another Party or her, his or its counsel for

12  any purpose other than the litigation of this action.

13      8.      The Parties may, based upon separate written agreement of all counsel

14  to this action, provide that certain confidential information be discussed with or

15  shown to specified individuals other than the persons identified in The parties shall

16  follow and abide by applicable law, including Local Rule 141.1(e), with respect to

17  filing documents under seal.  Documents that are the subject of a protective order

18  may be filed under seal only if a sealing order is first obtained in compliance with

19  L.R. 141.

20      9.      A Party shall not be obligated to challenge the propriety of a

21  designation under this Order at the time made, and a failure to do so shall not

22  preclude a subsequent challenge thereto.  As set forth fully in Paragraph 21, below,

23  the Party to whom documents have been produced reserves the right to challenge

24  the designation of any documents as "Confidential" or "Confidential – Attorneys'

25  Eyes Only."  After receiving notice of such challenge and meeting and conferring

26  as set forth more fully in Paragraph 21, below, if no informal resolution is obtained

27  the Party designating such challenged documents as confidential may move for an

28  order from the court that the confidentiality designation be retained.  The

1    document(s) or testimony will remain confidential until the Court rules on the

2    matter.

3          10.    Information disclosed during depositions may be designated as

4    "Confidential" or "Confidential – Attorneys' Eyes Only" either on the record at

5    deposition or within thirty (30) days of receipt of the transcript by any Party.  Prior

6    to the expiration of the 30-day period, all information disclosed during a deposition

7    shall constitute "Confidential" information unless otherwise agreed by the Parties,

8    ordered by the Court, or so designated at the deposition, except that within 15 days

9    of the filing deadline for any Motion for Summary Judgment or Opposition papers

10   thereto, the 30-day presumptive confidentiality period shall be reduced to 7 days.

11   Any document attached to any deposition previously marked as "Confidential" or

12   "Confidential – Attorneys' Eyes Only" shall remain so designated whether or not

13   so designated at deposition.  Similarly all testimony related to a document so

14   marked shall also be treated as "Confidential" or "Confidential – Attorneys' Eyes

15   Only" whether or not so designated at deposition.

16         11.    If a non-designating Party wishes to file Confidential Documents, and

17   such Party does not challenge the Confidential designation, then that Party  shall

18   follow and abide by applicable law, including Local Rule 141.1(e), with respect to

19   filing documents under seal.  Documents that are the subject of a protective order

20   may be filed under seal only if a sealing order is first obtained in compliance with

21   L.R. 141.

22         12.    If, on the other hand, a non-designating Party wishes to file

23   Confidential Documents with the Court, and that Party does challenge the

24   Confidential designation, then that Party must first provide notice of such

25   challenge, and allow the designating Party to file an appropriate motion to retain

26   such Confidential designation, as set forth in Paragraphs 9 and 21.  If the Court

27   orders that such documents retain their Confidential designation, then the Party

28   must proceed as set forth in Paragraph 11, above.  If the Court denies such a

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

1  motion, and does not order that such Confidential designation be retained, then on

2  or after the date of entry of such order, the non-designating Party may proceed to

3  file such documents (without engaging in any of the foregoing "under seal"

4  provisions).

5        13.    Production of any document or information without a designation as

6  provided herein will not be deemed to waive a later claim as to its confidential

7  nature or stop the designating Party from re-designating a document or information

8  as "Confidential" or "Confidential – Attorneys' Eyes Only" at a later date.  For the

9  purposes of this Order, any document or information that is subsequently

10  designated shall be "Re-designated Material."  Any Party may make this

11  designation by sending written notice of the designation to counsel for the Party to

12  whom or from whom such documents or testimony was produced.  Any counsel

13  receiving this notice shall treat all such documents or testimony in accordance with

14  the notice by the designating Party.  Disclosure of such a document or information

15  by any Party prior to such later re-designation shall not be deemed a violation of the

16  provisions of this Order; provided, however, that the Party that disclosed the Re-

17  designated Material shall promptly endeavor to procure all copies of such

18  previously disclosed Re-designated Material from any persons known to have

19  possession of any such previously disclosed Re-designated Material who are not

20  entitled to receipt under the new designation under Paragraph 2 above.  Any

21  reasonable expenses incurred by the non-designating Party shall be borne by the

22  designating Party.

23        14.    Nothing in this Order shall be construed as a waiver of any Party's

24  right to object on any grounds whatsoever to any requests for discovery or as an

25  agreement by the Parties to produce any documents or to supply any information.

26  Additionally, none of the provisions of this Order are intended to abrogate the right

27  of either Party to file, or preclude the Court's jurisdiction to rule upon, any Motions

28  to Compel production of records, regardless of designation.

6

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

1    15.    All Confidential Documents shall be returned or destroyed upon

2  request to the respective producing Parties at the conclusion of the litigation,

3  regardless of the outcome.  Counsel is permitted to retain a copy of the records

4  solely for their files.

5    16.    The termination of this action shall not relieve any person to whom

6  Confidential Information has been disclosed from the terms of this Order unless the

7  Court orders otherwise.

8    17.    All Parties, their counsel and other agents, and all those acting in

9  concert with them, are enjoined from the use of said "Confidential" or

10 "Confidential – Attorneys' Eyes Only" information in any manner not expressly

11 permitted by this Order, as otherwise agreed by the Parties in writing, or as ordered

12 by the Court.

13   18.    This Order is made for the express purpose of facilitating the litigation

14 of this matter. Should the litigation conclude without resolving the case in full,

15 nothing in this Order shall be deemed a waiver of the Parties' right to contest the

16 confidential status of the documents. Nothing in this Order shall be deemed to

17 preclude the Parties from seeking and obtaining, on an appropriate showing,

18 additional protection with respect to the confidentiality of documents, testimony,

19 court papers or other matters.

20   19.    By signing this Order, the Parties do not acknowledge the validity of

21 either Party's claims of protection from disclosure for the Confidential Documents

22 and Confidential Information. The Parties reserve the right to challenge such

23 claims. The Parties agree, however, to be bound by the terms of this Order unless

24 and until one of the Parties seeks and obtains from the Court a modification of the

25 terms of this Order as provided below.

26   20.    Any disclosure of information designated "Confidential" or

27 "Confidential – Attorneys' Eyes Only" as defined herein, other than to the specific

28 Parties, for the specific purposes and under the specific procedures described in this

1  Order shall be considered an "unauthorized disclosure" and shall be considered a

2  breach of this Order entitling the aggrieved Party to all appropriate relief within the

3  Court's discretion.  However, such unauthorized disclosure shall not constitute a

4  waiver of the confidential nature of the information or document(s) in question.

5  Treatment of this information or document(s) as "Confidential" or "Confidential –

6  Attorneys' Eyes Only" shall continue until further order of the Court as described in

7  Paragraph 16.

8       21.    Any Party may object to the designation of certain

9  information/documents as Confidential Information or Confidential Documents by

10  giving written notice to the Party making the designation and to all other Parties

11  within thirty days of the production date. Such notice shall identify with reasonable

12  specificity the Confidential Information or Confidential Documents to which the

13  objection is directed and the basis for the objection. The Parties shall attempt to

14  resolve any such dispute by meeting and conferring in good faith. In the event the

15  dispute is not resolved within seven days from the date that the objecting Party first

16  notifies the Party that made such designation, the designating Party may move the

17  Court for an Order that the disputed, previously-designated Confidential

18  Information or Confidential Documents shall remain designated as Confidential

19  Information or Confidential Documents.

20       22.    If either Party desires to modify the terms of this Order or otherwise

21  has any dispute relating to the protections afforded under this Order, that Party shall

22  proceed to meet and confer, and, if necessary, move the Court in accordance with

23  the terms set forth in Paragraph 21, above.

24       23.    The Parties intend for this Order to be binding and enforceable against

25  them beginning at the time it is executed by their counsel even though it may not

26  yet be ordered by the Court.

27       24.    Pursuant to Local Rule 141.1(b)(1), this Order is a Non-Trial

28  Protective Order, and is without prejudice to the ability of either party to seek a

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

Protective Order for Trial pursuant to Local Rule 141.1(b)(2).

      25.    The Court may modify the protective order in the interests of justice or for public policy reasons.

      IT IS SO STIPULATED.

Dated:  February 19, 2014                 HIRSCHFELD KRAEMER LLP

By:  _____

                          Gregory S. Glazer
                          Monte K. Grix
Attorneys for Defendants, SAN JOAQUIN VALLEY COLLEGE, KERRIE LILES and MELISSA GRIMSLEY

Dated:  February 19, 2014                 BRYANT WHITTEN, LLP

By:  _____

                        Amanda B. Whitten
Attorneys for Plaintiff, DANIEL SWAN

## ORDER

      The Court hereby adopts the parties' stipulated protective order set forth above and filed as Doc. 21 (signed copy).

IT IS SO ORDERED.

    Dated:  __**February 24, 2014**__          _____**/s/ Gary S. Austin**_____
                                      UNITED STATES MAGISTRATE JUDGE

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA